UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NUMBER: _____

MARIO FERNANDEZ MORA,

      Plaintiff,

v.

CHURCH WORLD SERVICE, INC.,

      Defendant.
_____/

## NOTICE OF REMOVAL

Defendant Church World Service, Inc. ("CWS"), by and through its undersigned counsel, pursuant to 28 U.S.C. § 1441, *et seq.* and 28 U.S.C. § 1332, hereby files this Notice of Removal and as grounds therefore states as follows:

1. The underlying state court action was commenced on or about October 17, 2011, by the filing of a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, which action was styled <u>Mario Fernandez Mora v. Church World Service, Inc.</u>, Case No. 11-33928CA22 (the "Circuit Court Action").

2. The Summons and the Complaint were served on CWS's Registered Agent on October 20, 2011.

3. No further proceedings have occurred in this action, and the Summons and the Complaint constitute the only process, pleadings or papers served in this action. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint are attached hereto as Composite Exhibit A.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been filed within thirty days of the date upon which Plaintiff served the Summons and Complaint on Defendant.

5. This Court has original jurisdiction of this action under the provisions of 28 U.S.C. § 1332 and it is one that may be removed to this Court by Defendant, pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

6. Written notice of the filing of this Notice of Removal has been served on Plaintiff, and a copy of this Notice will be filed with the Clerk of the Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, promptly after the filing of this document with this Court, pursuant to 28 U.S.C. § 1446(d).

7. By filing this Notice of Removal, Defendant does not waive any defenses that may be available to it.

8. This Notice of Removal is executed pursuant to Fed. R. Civ. P. 11.

9. For purposes of diversity, the Court may consider the entire record presented to it for removal and not merely the Complaint. In Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001), the court specifically held that if "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." A defendant may make specific factual allegations establishing jurisdiction supported by evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010); see also Huchon v. Jankowski, No. 06-10094CIVMOORE, 2007 WL 221421, at *2 (S.D. Fla. Jan. 25, 2007)

("allegations of diversity . . . are not required to exist *in* the Complaint. . . . Defendants' Notice of Removal . . . contains sufficient allegations to sustain removal") (citations omitted).

10. Additionally, <u>Federal Practice and Procedure</u> by Charles Alan Wright et al., explains that a federal district court's consideration of both the Complaint and the Notice of Removal is statutorily correct. Section 3734 of <u>Federal Practice and Procedure</u> states:

> Fortunately, in practice, the federal courts usually do not limit their inquiry to the face of the plaintiff's complaint, but rather consider the facts disclosed in the record of the case as a whole, in determining the propriety of removal. Section 1446(b) [of 28 U.S.C] makes clear that this practice is correct. The passage in the second paragraph of that provision to the effect that a previously unremovable case may be removed by filing a notice of removal within 30 days of receipt of an "amended pleading, motion, order or other paper" from which it first appears that the case is removable demonstrates that any of the referred-to papers may be considered in determining the removability of a case, and it has been so held. There is no reason to believe that Congress intended to permit the district courts to look beyond the complaint in connection with the renewed removal right provided for in the second paragraph of Section 1446(b) but did not intend the district courts to look beyond the complaint during the initial removal period that is provided for in the first paragraph of that provision.
>
> Moreover, there would be little point in requiring the notice of removal to contain a "short and plain statement" of the grounds for removal if the federal court could not look to that statement to inform itself of the propriety of removal.

14C Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 3734 (4th ed. 2009) (footnotes omitted). To look strictly to the Complaint, and nothing else, would allow Plaintiff, either intentionally or unintentionally, to defeat Defendant's attempt to remove a case which in fact meets the diversity jurisdiction requirements simply by mischaracterizing or omitting relevant facts from the Complaint. <u>Id.</u>

### A. Diversity of Citizenship

11. The Complaint alleged that "[v]enue is proper in this Circuit since the parties reside and/or are doing business therein." (Complaint, ¶ 6.) Thus, Plaintiff is a resident of Miami-Dade County Florida. 28 U.S.C. § 1332, however, speaks in terms of "citizenship" for purposes of determining diversity, and this Notice of Removal corrects the technical deficiency with respect to Plaintiff by identifying his citizenship. Plaintiff is a citizen of Florida.

12. A corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The Complaint correctly alleges that CWS is a foreign non-profit corporation. CWS is a New York non-profit corporation. CWS has its principal place of business in the State of New York, at 475 Riverside Drive, Suite 700, New York, New York 10115. Thus, CWS is a citizen of New York.

13. Accordingly, there is diversity of citizenship between the parties.

### B. Amount in Controversy

14. Nowhere in the Complaint does Plaintiff specify the amount of damages he seeks; rather, he provides that his claim for damage is in excess of $15,000.00, the minimum state circuit court jurisdictional prerequisite, "but less than $75,000.00 for all relief available to Plaintiff in this case under the Florida Civil Rights Act, Chapter 760, Fla. Stat. (the "Act") for both Counts I & II. Alternatively, Plaintiff has voluntarily limited his relief for his claims to less than $75,000.00."

15. In paragraph 2 of the Complaint, Plaintiff alleged that he is "seeking damages, declaratory and injunctive relief and damages to redress violations of the Act. Plaintiff seeks

back pay and benefits and, because of the nature of Defendant's conduct, front pay. Plaintiff seeks all other damages available under the Act as provided at ¶ 1 above."

16. In paragraph 4 of the Complaint, Plaintiff alleged that he "has retained undersigned counsel and is obligated to pay said counsel a reasonable fee for services rendered herein. Said attorneys' fees and costs are payable pursuant to the Act."

17. Although Defendant vigorously denies Plaintiff's factual allegations or that he is entitled to the relief sought in the Complaint, based on Plaintiff's allegations and their reasonable interpretation, the evidence demonstrates that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and thus exceeds the federal jurisdictional threshold. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1096 (11th Cir. 1994) (explaining that where a plaintiff limits his damages to less than the jurisdictional threshold, "[a] defendant could remain in federal court if he showed that, if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [the jurisdictional requirement]"); Messina v. Chanel, Inc., No. 10-24518-CIV, 2011 WL 2610521, at *2 (S.D. Fla. July 1, 2011) (same).

18. More specifically, Plaintiff's claim for back pay damages alone meets the jurisdictional prerequisite. Plaintiff alleged in the Complaint that he was terminated on August 26, 2010, because of his age and in retaliation for complaining about discriminatory treatment. Prior to his termination on August 26, 2010, Plaintiff's annual salary was $37,405.68, and his bi-weekly gross pay was $1,438.68. (See Affidavit of Bernard A. Kirchhoff, Jr. in Support of Defendant's Notice of Removal ("Kirchhoff Aff.") ¶ 2, attached hereto as Exhibit B.) Assuming that the trial in this matter will be set at least 9.5 months from today on August 26, 2012 (the date exactly two (2) years after Plaintiff's termination date), Plaintiff will accumulate two (2) years of

backpay.  See Deel v. Metromedia Rest. Servs., Inc., No. 3:05CV120/MCR, 2006 WL 481667, at *3 (N.D. Fla. Feb. 27, 2006) ("For the purpose of estimating the amount in controversy, the potential back pay award may be computed from the date of the adverse employment action until the proposed trial date, less mitigation.").  Based on Plaintiff's annual salary of $37,405.68, Plaintiff's claim for back pay damages for the period of August 26, 2010 through August 26, 2012 would be **$74,811.36**.

19.     Further, in the Complaint Plaintiff seeks the value of back benefits.  (Complaint, ¶ 2.)  Based on Plaintiff's position, salary and benefits elections at the time of his termination, the value of the employer-provided benefits Plaintiff would have received had he been employed by Church World Service from August 26, 2010 through August 26, 2012 is approximately **$44,927.66**.  (Kirchhoff Aff., ¶ 3.)

20.     Accordingly, assuming a trial date on August 26, 2012, Plaintiff's claim for back pay and benefits totals approximately **$119,739.02**, far in excess of the $75,000 required for the Court to assume jurisdiction of this case.

21.     In addition to back pay and benefits, Plaintiff made a demand in the Complaint for attorneys' fees pursuant to the Florida Civil Rights Act ("FCRA").  (Complaint, ¶ 4, Prayers for Relief at pp. 4 and 5.)  Pursuant to Fla. Stat. § 760.11(5), in an action under the FCRA, the Court may award "the prevailing party a reasonable attorney's fee."  The Eleventh Circuit has stated that when "a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."  Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000); see also Cohen v. Office Depot, Inc., 204 F.3d 1069, 1079 (11th Cir. 2000) (holding that where Florida statute entitles party to recover reasonable attorneys' fees, amount in controversy includes consideration of those fees).

6

22. In <u>Hall v. Travelers Insurance Co.</u>, 691 F. Supp. 1406, 1410 (N.D. Ga. 1988), the court noted that plaintiffs' attorneys' fees are known to run in the range of 25 to 40 percent of judgment amounts.  Twenty-five percent (25%) to forty percent (40%) of Plaintiff's back pay and benefits claim is approximately **$29,934.76 to $47,895.61**.  The midpoint of those amounts is $38,915.19.

23. While Plaintiff's bid to recover back pay and benefits and attorneys' fees under the FCRA is sufficient to cause the value of his claim to exceed the federal jurisdictional threshold, the other damages Plaintiff seeks, namely, front pay and "all other damages available under the Act," which includes compensatory and punitive damages, push the amount in controversy even further above the federal jurisdictional threshold.  Plaintiff does not specifically set forth the value of these damages, but it is clear that an estimate of those damages can be included in calculating the amount in controversy.  <u>See</u>, <u>e.g.</u>, <u>Brown v Cunningham Lindsey U.S., Inc.</u>, No. 305CV141J32HTS, 2005 WL 1126670, at *5 (M.D. Fla. May 11, 2005) (explaining that, although the plaintiff did not put a dollar figure on her punitive and compensatory damage claims, these additional damages claims further increased the amount in controversy well above the $75,000 jurisdictional threshold); <u>Livers v. Wu</u>, 6 F. Supp. 2d 921, 931-32 (N.D. Ill. 1998) (considering emotional distress and punitive damages in calculating amount in controversy).

24. Based on a reasonable interpretation of the pleadings and the record before this Court, Plaintiff's claim for damages includes:  (1) **$119,739.02** for back pay and benefits allegedly owed; (2) attorneys' fees under Fla. Stat. § 760.11(5) of at least approximately **$29,934.76 to $47,895.61**, and (3) damages in an unspecified amount for compensatory and

7

punitive damages. Therefore, there is no doubt that the amount in controversy at a minimum exceeds this Court's jurisdictional threshold of $75,000.00.

25. Additionally, on November 7, 2011, undersigned counsel sent an email to counsel for Plaintiff that stated, inter alia, "If it is Mr. Mora's intention to limit the total sum of all of his damages to not more than $75,000.00 and not to seek or accept an amount in excess of $75,000.00, we ask that you execute, on behalf of your client, the attached Stipulation of Damages. If you do not agree to the attached Stipulation of Damages, Church World Service will remove the action." To date, counsel for Plaintiff has not executed the Stipulation of Damages or otherwise responded to undersigned counsel's email. (A copy of the email and the Stipulation of Damages attached thereto is attached hereto as Exhibit C.) See Gavronsky v. Walgreen Co., No. 3:09-cv-1167-J-12TEM, 2010 WL 717485, at *4 (M.D. Fla. Feb. 26, 2010) (finding that fact that the plaintiff had not stipulated that he seeks less than the jurisdictional amount, despite having pled in the complaint that his damages were less than $75,000, deserved significant weight which was sufficient to overcome any doubt about the propriety of removal).[1]

WHEREFORE, Defendant respectfully requests that the Court take jurisdiction of this action and grant such other and further relief as the Court deems just and proper under the circumstances.

---

[1] On at least three occasions, courts in the Southern District of in Florida have ruled that, for the purposes of diversity jurisdiction, the amount in controversy is satisfied by calculating all available damages unless the plaintiff will stipulate that he or she seeks less than $75,000.00 in damages. See Composite Exhibit D (Order on Plaintiff's Motions to Remand, Alfonso v. Philadelphia Life Ins. Co., Case No. 98-0105-CIV-MIDDLEBROOKS, and Order on Motion to Remand, Peoples v. Cont'l Assur. Co., Case No. 99-8480-CIV-SEITZ); see also Order Requiring Parties to File Notice, Gichon v. UNUM Life Ins. Co. of Am., Case No. 96-7401-CIV-MORENO (requiring the plaintiff to file notice indicating whether he was seeking damages in excess of $50,000.00), a copy of which is Exhibit E.)

Dated: November 9, 2011

        s/Allan H. Weitzman
Allan H. Weitzman
Florida Bar Number: 045860
aweitzman@proskauer.com
Andrea R. Bernstein
Florida Bar Number: 516511
abernstein@proskauer.com
PROSKAUER ROSE LLP
2255 Glades Road, Suite #421 Atrium
Boca Raton, Florida 33431-7360
Telephone: 561-241-7400
Facsimile: 561-241-7145
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served via facsimile and U.S. Mail on November 9, 2011, on all counsel or parties of record on the Service List below.

s/Allan H. Weitzman
Allan H. Weitzman

## SERVICE LIST

| | |
|---|---|
| Allan H. Weitzman, Esq. | Lawrence J. McGuinness, Esq. |
| Florida Bar Number: 0045860 | Florida Bar Number: 814611 |
| aweitzman@proskauer.com | ljmpalaw@comcast.net |
| Andrea R. Bernstein, Esq. | MCGUINNESS & GONZALEZ, P.A. |
| Florida Bar Number: 0516511 | 1627 S.W. 37th Avenue, Suite 100 |
| abernstein@proskauer.com | Miami, Florida 33145 |
| PROSKAUER ROSE LLP | Telephone:  (305) 448-9557 |
| 2255 Glades Road, Suite 421 Atrium | Facsimile:  (305) 448-9559 |
| Boca Raton, Florida 33431 | *Attorneys for Plaintiff* |
| Telephone:  (561) 241-7400 | |
| Facsimile:  (561) 241-7145 | |
| *Attorneys for Defendant* | |