# COMPOSITE EXHIBIT A

```
                                    IN THE CIRCUIT COURT OF THE 11th
                                    JUDICIAL CIRCUIT IN & FOR MIAMI-DADE
                                    COUNTY, FLORIDA

                                    GENERAL JURISDICTION DIVISION

MARIO FERNANDEZ MORA,         :     CASE NO.
                              :
     Plaintiff,               :
                              :     11-33928 CA 22
v.                            :
                              :
CHURCH WORLD SERVICE,         :
INC.,                         :
                              :
     Defendant.               :     SUMMONS
_____/
```

ERIC LARSON
2ND JUDICIAL CIRCUIT
CERTIFIED PROCESS SERVER #063

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant **BY SERVING, PURSUANT TO F.S. §48.091**:

    Registered Agent:   Capitol Corp. Services, Inc.
                           155 Office Plaza Dr., Suite A
                           Tallahassee, FL 32301

If service cannot be made on the President because of failure to comply with F.S. § 48.091, service of process shall be permitted on any employee at the corporation's place of business located at:

**OR BY SERVING, ONE OF THE FOLLOWING IN THE ORDER OR PRIORITY AS LISTED BELOW, PURSUANT TO F.S. §48.081**:

1. The president or vice president, or other head of the corporation; and/or in his or her absence;

2. The cashier, treasurer, secretary or general manager; and in the absence of all of the above;

3. Any director; and in the absence of all of the above; or

4. Any officer or business agent residing in the state.

-1-

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose address is:

McGUINNESS & GONZALEZ, P.A.
Counsel for Plaintiff
1627 S.W. 37th Ave., Suite 100
Miami, Florida 33145
Ph. No. (305) 448-9557

Attention:  LAWRENCE J. McGUINNESS, ESQ.

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED ON _____, 2011.

OCT 17 2011

Clerk of the Court

By: **RANITA DANIEL**
as Deputy Clerk

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN & FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

MARIO FERNANDEZ MORA,  :   CASE NO.

    Plaintiff,  :   11-33928 CA 22

v.  :

CHURCH WORLD SERVICE, INC.,  :

    Defendant.  :   AGE & RETALIATION COMPLAINT
_____/

Plaintiff, through counsel, sues Defendant (the "Employer"), and alleges as follows:

## A. JURISDICTION

1. This is an action for damages for an amount in excess of the minimal jurisdictional limits of this Court, to wit: FIFTEEN THOUSAND ($15,000.00) DOLLARS but less than $75,000.00 for all relief available to Plaintiff in this case under the Florida Civil Rights Act, Chapter 760, Fla. Stat. (the "Act") for both Counts I & II. Alternatively, Plaintiff has voluntarily limited his relief for his claims to less than $75,000.00.

2. This is an age and retaliation claim by Plaintiff who is seeking damages, declaratory and injunctive relief and damages to redress violations of the Act. Plaintiff seeks back pay and benefits and, because of the nature of Defendant's conduct, front pay. Plaintiff seeks all other damages available under the Act as provided at ¶1 above.

-1-

3.  Plaintiff, who was and is 61 at the time of his termination, worked for Defendant as a Paralegal from 3/26/92 through 8/26/10 when he was fired in retaliation for complaining about being discriminated against because of his age.

4.  Plaintiff has retained undersigned counsel and is obligated to pay said counsel a reasonable fee for services rendered herein. Said attorneys' fees and costs are payable pursuant to the Act.

## B. JURISDICTION

5.  This action arises under the Act. The Court has jurisdiction to grant declaratory relief and further relief pursuant to said Act.

6.  Venue is proper in this Circuit since the parties reside and/or are doing business therein.

7.  The trial court is vested with jurisdiction to order and injunction, reinstatement back pay, front pay, or any other relief as may be proper, pursuant to the Act.

## C. THE PARTIES

8.  Plaintiff worked for Defendant until he was fired on 3/26/10.

9.  Defendant is a foreign non-profit corporation doing business in Miami-Dade County, Florida. Defendant, who employed more than 15 employees at the time of Plaintiff's termination, is engaged in an industry affecting commerce and employs more than 15 persons; hence, the Employer is an "employer" as envisioned by the Act.

## D. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

10. Plaintiff timely filed his Charge of Discrimination with the FCHR and/or EEOC.

11. The FCHR and/or EEOC issued Plaintiff a Notice of Right To Sue and/or more that 180 days has expired since the time of filing.

12. Based on ¶¶ 10 and 11, Plaintiff complied with and/or satisfied all conditions precedent and/or administrative requirements before filing this claim against Defendant.

## COUNT I - VIOLATION OF
## THE ACT AGAINST DEFENDANT - AGE

13. Plaintiff realleges and reavers ¶¶ 1 through 12 as if fully set forth herein.

14. Plaintiff was and is a member of a protected group under the Act, i.e.: he was 61 years old when Defendant fired him.

15. Plaintiff was hired by Defendant when he was 43.

16. Shortly after turning 60, Defendant started to treat Plaintiff in a discriminatory manner compared to similarly situated younger employees in the following areas:

   a. Promotions;
   b. Discipline;
   c. Evaluations; and
   d. Training.

17. After Plaintiff complained of such discriminatory treatment by his Supervisor (i.e., Maria Avila) to Defendant's Human Resource Department in early June 2010, Defendant started to scrutinize Plaintiff's work for mistake and unfairly criticized his work in order to find fault with his work.

-3-

18. Plaintiff complained a second time of age discrimination to Defendant's Human Resource Department in mid-July 2010 after receiving an unfair evaluation by his Supervisor.

19. Defendant fired Plaintiff on August 6, 2010 because of his age and his two complaints.

20. Plaintiff, based on Defendant's actions and/or failure to act, was damaged under the Act and Defendant's conduct, through its employees and agents, deprived Plaintiff of his statutory rights under the Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment awarding him all such legal, equitable, and monetary relief (as limited above to less than $75,000.00 for all relief under the Act) as will effectuate the purpose of the Act, including but not limited to:

a. Awarding appropriate damages, including punitive damages, to Plaintiff available under the Act;

b. Issuing a Declaratory Judgment that Defendant's practices are violative of Plaintiff's rights under the Act;

c. Enjoining Defendant from continuing or maintaining the policy, practice, and custom of allowing its older employees to be treated in a discriminatory manner;

d. Restoring Plaintiff with credits of all other employee benefits he would have received but for Defendant's discrimination, including retroactive reinstatement; and

f. Granting Plaintiff his costs and a reasonable award of attorneys fees pursuant to the Act.

## COUNT II - VIOLATION OF
## THE ACT AGAINST DEFENDANT - RETALIATION

18. Plaintiff realleges and reavers ¶¶ 1 through 12 as if fully set forth herein.

19. At all times material, Plaintiff was and is a member of a protected group under the Act, i.e.: he complained to Defendant that he was being discriminated against because of his age and was retaliated against by Defendant because of such complaints.

20. Plaintiff complained of discriminatory treatment by his Supervisor (i.e., Maria Avila) to Defendant's Human Resource Department in early June 2010, Defendant started to scrutinize Plaintiff's work for mistake and unfairly criticized his work in order to find fault with his work.

21. Plaintiff complained a second time of age discrimination to Defendant's Human Resource Department in mid-July 2010 after receiving an unfair evaluation by his Supervisor.

22. Defendant fired Plaintiff on August 6, 2010 because of his age and his two complaints.

23. Based on ¶23, Defendant retaliated against Plaintiff in violation of the Act.

24. Plaintiff, based on Defendant's actions, was damaged under the Act and Defendant's conduct, through its employees and agents, deprived Plaintiff of his statutory rights under the Act.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment awarding him all such legal, equitable, and monetary relief (as limited above to less than $75,000.00 for all relief under the Act) as will effectuate the purpose of the Act, including

but not limited to:

a. Awarding appropriate damages, including punitive damages, to Plaintiff available under the Act;

b. Issuing a Declaratory Judgment that Defendant's practices are violative of Plaintiff's rights under the Act;

c. Enjoining Defendant from continuing or maintaining the policy, practice, and custom of retaliating against employees who complain about their rights secured by the Act;

d. Restoring Plaintiff with credits of all other employee benefits he would have received but for Defendant's retaliation including retroactive reinstatement; and

f. Granting Plaintiff his costs and a reasonable award of attorneys fees pursuant to the Act.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable for Counts I & II.

Respectfully submitted,

McGUINNESS & GONZALEZ, P.A.
Counsel for Plaintiff
1627 S.W. 37th Ave., Suite 100
Miami, Florida 33145
Ph. No. (305) 448-9557
Fax No. (305) 448-9559
ljmpalaw@comcast.net

BY: _____
LAWRENCE J. McGUINNESS
Fla. Bar No. 814611